**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBINSON, | No. 08-70671 |
| Petitioner, | Agency No. A095-634-713 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Robinson, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision ("IJ") denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Robinson filed his asylum application within a reasonable period of time given any changed circumstances. *See* 8 C.F.R. § 1208(a)(4); *Husyev v. Mukasey*, 528 F.3d 1172, 1178-81 (9th Cir. 2008). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's finding that the mistreatment Robinson experienced when his dog was attacked does not rise to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-976 (9th Cir. 2009) (incidents including being "beaten by a mob of rioters because he appeared to be Chinese" did not rise to the level of past persecution). Substantial evidence supports the agency's finding that Robinson has not established a clear probability of persecution because, even under a disfavored group analysis, Robinson has not established sufficient evidence of individualized risk. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Wakkary v. Holder*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Robinson's contention that the BIA

failed to make findings regarding the events experienced by Robinson in Indonesia is belied by the record. Accordingly, his withholding of removal claim fails.

Finally, substantial evidence supports that agency's denial of Robinson's CAT claim because Robinson failed to show it is more likely than not that he will be tortured if returned to Indonesia. *See id.* at 1067-68. Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**